867 F.2d 615
 10 U.S.P.Q.2d 1251
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HAWORTH, INC., Plaintiff-Appellant,
v.
STEELCASE, INC., Defendant/Cross-Appellant.
 Nos. 88-1420 to 88-1424.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1989.
 
 Before FRIEDMAN, PAULINE NEWMAN and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 Haworth, Inc. (Haworth) appeals the district court's judgment, see 685 F.Supp. 1422, 8 USPQ2d 1001 (W.D.Mich.1988), finding that the movable wall systems of Steelcase, Inc. (Steelcase) do not infringe claims 5 and 29 of United States Patent No. 4,370,008 ('008) or claims 18 and 26 of United States Patent No. Re. 31,733 ('733). Steelcase cross-appeals the district court's judgment that the '008 patent and the '733 patent are not unenforceable due to inequitable conduct. We reverse-in-part, affirm-in-part and remand.
 
 OPINION
 INFRINGEMENT
 
 2
 In holding that claim 5 of the '008 patent was not infringed, the district court found that the Steelcase panels did not include the following limitations:
 
 
 3
 1. electrical power means "formed as an integral part" of the wall system;
 
 
 4
 2. "electrical power blocks" which are "fixedly mounted" on the panels;
 
 
 5
 3. electrical power blocks which are wide enough to be "disposed substantially between" the sides of the panels; and
 
 
 6
 4. electrical connector means which, when joined to an opposed pair of "power blocks," are "disposed substantially between, or flush with" the sides of the panels. Haworth, 685 F.Supp. at 1445, 8 USPQ2d at 1019. The court found that claim 29 of the '008 patent was not infringed because, in addition to the above limitations, the Steelcase devices did not contain the additional limitation requiring that some of the power block means have "a conventional two- or three-conductor electrical socket associated therewith." Id. at 1446, 8 USPQ2d at 1019.
 
 
 7
 Claim 26 of the '733 patent was found not infringed because the accused panel electrical components did not comprise the required "boxlike" housing. Additionally, the court found that the Steelcase components did not include the claimed plug receptacles or socket means. Id. at 1444, 8 USPQ2d at 1018.
 
 
 8
 The district court found that the following limitations of claim 18 of the '733 patent were absent from Steelcase's panels:
 
 
 9
 1. electrical power block means which are "fixedly mounted" and "disposed directly adjacent the opposite vertical edges" of the panels;
 
 
 10
 2. electrical power block means which have "electrical socket means" associated therewith;
 
 
 11
 3. flexible electrical connector means including first and second "electrical plug means adapted for reception within the socket means" associated with the power block means; and
 
 
 12
 4. flexible electrical connector means including first and second housing elements "having cooperating hinge parts formed thereon" and defining a "substantially vertical hinge axis," and the first and second "plug means" associated with the housing elements. Id. at 1443, 8 USPQ2d at 1017.
 
 
 13
 "Claim interpretation, a threshold inquiry when resolving infringement, is a question of law." Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 866, 228 USPQ 90, 93 (Fed.Cir.1985). The specific embodiments and limitations appearing in the specification should not be read into the claims. Id. at 867, 228 USPQ at 93. Furthermore, "[i]t is improper to read the limitations of one claim into another." Grain Processing Corp. v. American Maize-Products Co., 840 F.2d 902, 911, 5 USPQ2d 1788, 1795 (Fed.Cir.1988).
 
 
 14
 Nothing in the prosecution history, prior art or specification requires that the "formed as an integral part" and "fixedly mounted" limitations of the '008 patent's claims 5 and 29 and the '733 patent's claim 18 be restricted to non-removable power blocks. Rather, the specification discloses a power block "disposed for slidable engagement" and the use of a screw for securing the block to the panel.
 
 
 15
 The "disposed substantially between," "disposed directly adjacent" and "boxlike housing" limitations of the '008 patent's claims 5 and 29 and the '733 patent's claims 18 and 26 were incorrectly defined as filling the space between or flush with. The court improperly read this additional limitation into the claim by focusing on the disclosed preferred embodiment and Haworth's commercial ERA 1 system which both exhibit power blocks and connectors that are flush with the panel sides.
 
 
 16
 The court also erred in construing the "socket associated therewith" language of claim 29 of the '008 patent as meaning that the socket was an integral part of a unitary power block. Again, the phrase was improperly limited to the embodiments disclosed in the Haworth specification.
 
 
 17
 The "plug" and "socket" limitations of claims 18 and 26 of the '733 patent should not have been interpreted as excluding quick connect-disconnect electrical connectors. The district court improperly read the limitations of claims 31, 38 and 43 into the asserted claims.
 
 
 18
 Finally, the court erroneously construed the "cooperating hinge parts" limitation of claim 18 of the '733 patent as limited to fixed-pivot hinge connectors. The claim was improperly confined to the hard plastic shell, fixed-pivot device disclosed in the specification and embodied in Haworth's commercial product.
 
 
 19
 After properly reconstruing the claims, Haworth's asserted claims are infringed, either literally or under the doctrine of equivalents, by Steelcase's panels. See United States v. Telectronics, Inc., 857 F.2d 778, 784, 8 USPQ2d 1217, 1222 (Fed.Cir.1988) (holding that the district court erred as a matter of law in interpreting the involved claims and concluding, without the need for a remand, that the properly reconstrued claims were infringed). Therefore, we reverse the district court's findings of non-infringement as to all the claims in suit and remand for proceedings consistent with this opinion.
 
 INEQUITABLE CONDUCT
 
 20
 The finding that neither Haworth's inventors nor counsel intended to deceive the patent examiner is not clearly erroneous. The district court, accordingly, did not abuse its discretion in concluding that inequitable conduct had not been proven. See Kingsdown Medical Consultants, Ltd. v. Hollister Inc., No. 88-1265, slip op. at 19-20 (Fed.Cir. December 21, 1988) (in banc) (explaining that a basis for overturning a district court's ruling on inequitable conduct is clearly erroneous findings of fact).
 
 COSTS
 
 21
 Each party is to bear its own costs.